MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
TRANQUILINO CASTILLO ORTIZ ,
FERNANDO SANCHEZ FLORES AND
ROBERTO VELASQUEZ, *individually and*
*on behalf of others similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiffs*, | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |

MY BELLY'S PLAYLIST LLC. (d/b/a MY
BELLY'S PLAYLIST), TIPP ONE LLC.
(d/b/a LILI O'BRIEN'S), SHAWN REILLY,
IAN BEHAR, RYAN SASSON and JOHN
CAREY

                    *Defendants.*
-------------------------------------------------------X

Plaintiffs Tranquilino Castillo Ortiz, Fernando Sanchez Flores and Roberto Velasquez,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against My Belly's Playlist LLC. (d/b/a My Belly's Playlist), Tipp One LLC. (d/b/a Lili

O'Brien's) ("Defendant Corporations"), Shawn Reilly, Ian Behar**,** Ryan Sasson and John Carey,

allege as follows:

**NATURE OF THE ACTION**

1.     Plaintiffs are former employees of defendants My Belly's Playlist LLC (d/b/a My Belly's Playlist), Tipp One LLC (d/b/a Lili O'Brien's), Shawn Reilly, Ian Behar, Ryan Sasson and John Carey (collectively "Defendants").

2.      Defendants own, operate, or control 2 sandwich shops/catering services located at 18 Murray Street, New York, New York 10007 under the names My Belly's Playlist and Lili O'Brien's respectively.

3.     Upon information and belief, individual defendants Shawn Reilly, Ian Behar, Ryan Sasson and John Carey serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the sandwich shops/catering services  as joint or unified enterprises.

4.     Plaintiffs were ostensibly employed as delivery workers, but they were required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to sweeping and mopping, cleaning the  basement  and the  kitchen, cutting vegetables (mushroom, lettuce, olives, carrots, etc.), stamping paper bags, packing cookies, grinding pickles and packing them, bringing food and other items up and down from the basement, dishwashing, chopping vegetables, and taking deliveries brought to the business (hereinafter the "non-tipped, non-delivery duties").

5.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that they worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked over 40.

7.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.     Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties required greater or equal time spent in non-tipped, non-delivery duties.

9.     Regardless, at all times Defendants paid Plaintiffs at a rate that was lower than the required tip-credit rate.

10.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (12 N.Y. C.R.R. §146).

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and enabled them to pay Plaintiffs a lower tip-credited rate, and they still failed to pay it.

12.     Defendants maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and made unlawful deductions from Plaintiffs' and other tipped employees' wages.

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

- 3 -

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate their sandwich shops/catering services in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

19.     Plaintiff Tranquilino Castillo Ortiz ("Plaintiff Castillo" or "Mr. Castillo") is an adult individual residing in Queens County, New York.  Plaintiff Castillo was employed by Defendants from approximately February 2015 until on or about February 15, 2016.

20.     Plaintiff Fernando Sanchez Flores ("Plaintiff Sanchez" or "Mr. Sanchez") is an adult individual residing in New York County, New York.  Plaintiff Sanchez was employed by Defendants from approximately September 2015 until on or about February 15, 2016.

21.     Plaintiff Roberto Velasquez ("Plaintiff Velasquez" or "Mr. Velasquez") is an adult individual residing in Kings County, New York. Plaintiff Velasquez was employed by Defendants from approximately February 2015 until on or about July 2015.

*Defendants*

22.     At all relevant times, Defendants own, operate, or control 2 sandwich shops/catering services located at 18 Murray Street, New York, New York 10007 under the names My Belly's Playlist and Lili O'Brien's respectively.

23.     Upon information and belief, My Belly's Playlist LLC (d/b/a My Belly's Playlist) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 18 Murray Street, New York, New York 10007.

24.     Upon information and belief, Tipp One LLC. (d/b/a Lili O'Brien's) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 43 Murray Street, New York, New York 10007.

25.     Defendant Shawn Reilly is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Shawn Reilly is sued

individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Shawn Reilly possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Ian Behar is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ian Behar is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Ian Behar possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.     Defendant Ryan Sasson is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ryan Sasson is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant Ryan Sasson possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.     Defendant John Carey is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Carey is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporations. Defendant John Carey possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operate 2 sandwich shops/catering services located in the Tribeca section of Manhattan in New York City.

30.     The individual defendants, Shawn Reilly, Ian Behar, Ryan Sasson and John Carey possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

- 7 -

33.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.    Upon information and belief, individual defendants Shawn Reilly,  Ian Behar, Ryan Sasson and John Carey operate Defendant Corporations as either an alter ego of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over them as closed corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2015 to 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the sandwich shops/catering services on a daily basis were goods produced outside of the State of New York.

### Individual Plaintiffs

39.     Plaintiffs are former employees of Defendants who were ostensibly employed as delivery workers. However, they spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Tranquilino Castillo Ortiz

41.     Plaintiff Castillo was employed by Defendants from approximately February 2015 until on or about February 15, 2016.

42.     Defendants ostensibly employed Plaintiff Castillo as a delivery worker.

43.     However, Plaintiff Castillo was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

44. Although Plaintiff Castillo was ostensibly employed as a delivery worker, he spent over twenty percent of each day performing non-delivery work throughout his employment with Defendants.

45. Plaintiff Castillo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

46. Plaintiff Castillo's work duties required neither discretion nor independent judgment.

47. From approximately February 2015 until on or about May 2015, Plaintiff Castillo worked from approximately 11:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 25 hours per week).

48. From approximately June 2015 until on or about September 2015, Plaintiff Castillo worked from approximately 11:00 a.m. until on or about 4:00 p.m. and from approximately 6:00 p.m. until on or about 9:30 p.m. Mondays through Thursdays, from approximately 11:00 a.m. until on or about 5:00 p.m. on Fridays and from approximately 5:00 p.m. until on or about 9:00 p.m. on Sundays (typically 44 hours per week).

49. From approximately September 2015 until on or about December 2015, Plaintiff Castillo worked from approximately 11:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 25 hours per week).

50. From approximately January 2016 until on or about February 15, 2016, Plaintiff Castillo worked from approximately 11:30 a.m. until on or about 9:00 p.m. Mondays through Thursdays and from approximately 11:30 a.m. until on or about 3:00 p.m. on Fridays (typically 41.5 hours per week).

51.     Throughout his employment with defendants, Plaintiff Castillo was usually paid his wages by personal checks.

52.     From approximately February 2015 until on or about February 15, 2016 Defendants paid Plaintiff Castillo approximately $5.00 per hour.

53.     Although defendants granted Plaintiff Castillo a 30-minute meal period, he was unable to take it 1-2 times a week.

54.     Plaintiff Castillo's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

55.     For example, from approximately June 2015 until on or about September 2015, Defendants required Plaintiff Castillo to work 15 to 30 minutes past his scheduled departure time and did not compensate him for the additional time he worked.

56.     Plaintiff Castillo was never notified by Defendants that his tips were being included as an offset for wages.

57.     Defendants did not account for these tips in any weekly accounting of Plaintiff Castillo's wages.

58.     Defendants illegally withheld a portion of the tips that Plaintiff Castillo earned from customers.

59.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

60.     Defendants did not give any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Castillo to purchase "tools of the trade" with his own funds—including approximately two bicycles, one helmet, two pairs of bicycle lights, a vest, a bag for carrying deliveries and $200 in bicycle repairs.

*Plaintiff Fernando Sanchez Flores*

62.     Plaintiff Sanchez was employed by Defendants from approximately September 2015 until on or about February 15, 2016.

63.     Defendants ostensibly employed Plaintiff Sanchez as a delivery worker.

64.     However, Plaintiff Sanchez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

65.     Although Plaintiff Sanchez was ostensibly employed as a delivery worker, he spent more than twenty percent of each day performing non-delivery work throughout his employment with Defendants.

66.     Plaintiff Sanchez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.     Plaintiff Sanchez's work duties required neither discretion nor independent judgment.

68.     From approximately September 2015 until on or about February 15, 2016, Plaintiff Sanchez worked from approximately 11:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 30 hours per week).

69.     Throughout his employment with defendants, Plaintiff Sanchez was usually paid his wages by personal checks.

70.     Throughout his employment, Defendants paid Plaintiff Sanchez approximately $5.50 per hour.

71.     Although defendants granted Plaintiff Sanchez a 30-minute meal period, he was unable to take it 2-3 times a week.

72.     Plaintiff Sanchez was never notified by Defendants that his tips were being included as an offset for wages.

73.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sanchez's   wages.

74.     Defendants illegally withheld a portion of the tips that Plaintiff Sanchez earned from customers.

75.     Furthermore, Defendants did not provide Plaintiff Sanchez with a statement of wages with each payment of wages, as required by NYLL 195(3).

76.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sanchez regarding overtime and wages under the FLSA and NYLL.

77.     Defendants did not give any notice to Plaintiff Sanchez, in English and in Spanish (Plaintiff Sanchez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.     Defendants required Plaintiff Sanchez to purchase "tools of the trade" with his own funds—including two bicycles, two vests, one helmet, two sets of lights, a lock and chain, a bell and around $250 in bike repairs.

*Plaintiff Roberto Velasquez*

79.     Plaintiff Velasquez was employed by Defendants from approximately February 2015 until on or about July 2015.

80.     Defendants ostensibly employed Plaintiff Velasquez as a delivery worker.

81.     However, Plaintiff Velasquez was also required to spend a significant portion of

- 13 -

his work day performing the non-tipped, non-delivery duties described above.

82.     Although Plaintiff Velasquez was ostensibly employed as a delivery worker, he spent over twenty percent of each day performing non-delivery work throughout his employment with Defendants.

83.     Plaintiff Velasquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

84.     Plaintiff Velasquez's work duties required neither discretion nor independent judgment.

85.     Throughout his employment with Defendants, Plaintiff Velasquez regularly worked in excess of 40 hours per week.

86.     From approximately February 2015 until on or about July 2015, Plaintiff Velasquez worked from approximately 11:00 a.m. until on or about 5:00 p.m. Mondays through Thursdays and Saturdays and from approximately 11:00 a.m. until on or about 11:00 p.m. on Fridays (typically 42 hours per week).

87.     Throughout his employment with defendants, Plaintiff Velasquez was usually paid his wages by personal check.

88.     From approximately February 2015 until on or about July 2015, Defendants paid Plaintiff Velasquez approximately $5.00 per hour.

89.     Plaintiff Velasquez's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

90.     Although defendants granted Plaintiff Velasquez a 30-minute meal period, he was unable to take it 2-3 times a week.

- 14 -

91.     Plaintiff Velasquez was never notified by Defendants that his tips were being included as an offset for wages.

92.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Velasquez's wages.

93.     Defendants illegally withheld a portion of the tips that Plaintiff Velasquez earned from customers.

94.     Furthermore, Defendants did not provide Plaintiff Velasquez with a statement of wages with each payment of wages, as required by NYLL 195(3).

95.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Velasquez regarding overtime and wages under the FLSA and NYLL.

96.     Defendants did not give any notice to Plaintiff Velasquez, in English and in Spanish (Plaintiff Velasquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

97.     Defendants required Plaintiff Velasquez to purchase "tools of the trade" with his own funds—including a bicycle and a bicycle basket.

*Defendants' General Employment Practices*

98.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

99.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

100.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

101.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

102.    Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

103.    Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

104.    These Plaintiffs were paid at a rate that was below the tip-credit rate required by NYLL.

105.    In addition, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday. 12 N.Y. C.R.R. § 146.

106.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."   (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).  Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

107.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

108.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees but did not even pay them at the tip-credited rate when they

should have classified them as non-tipped employees and paid them at the minimum wage rate.

109.   As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.  This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

110.   Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

111.   Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

112.   Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

113.   Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

114.   Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

115.   Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

116.   Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery

workers.

117.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

118.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

119.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

120.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages

claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

121.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

122.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and the overtime compensation at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

123.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

124.    The claims of Plaintiffs stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

127. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

128. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

129. In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

130. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

131. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

132. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

134. Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

135. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

136. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire

Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

138.  Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

139.  Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

140.  Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

141.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.  Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

143.  Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

144.  Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

145.  Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

146.  Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.  Defendants failed to pay Plaintiffs one additional hour's pay at the basic

minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

148.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

149.    Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

150.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

152.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

153.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

154.   With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

155.   Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

156.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

157.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

158.   Plaintiffs were damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW)

159.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

160.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

161.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

162.    Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

163.    Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

164.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)    Declaring that the Defendants violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants  violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants  violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

Dated: New York, New York
        April 20, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         MICHAEL FAILLACE & ASSOCIATES, P.C.
         Michael A. Faillace [MF-8436]

60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 2, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Fernando Sanchez Flores

Legal Representative / Abogado:       Michael Faillace & Associates, P.C.

Signature / Firma:                    _Fernando S. F_

Date / Fecha:                         02 de marzo de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165
Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

March 4, 2016

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Roberto Velasquez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C._____

Signature / Firma:                      _____

Date / Fecha:                           _____04 de marzo de 2016_____

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

February 26, 2016

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Tranquilino Castillo-Ortiz

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                       X Tranquilino Castillo

Date / Fecha:                            26 de febrero de 2016