USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TRANQUILINO ORTIZ, et al.,          :
                                       16 Civ. 2924 (HBP)
           Plaintiff,               :
                                       OPINION
   -against-                        :  AND ORDER

MY BELLY'S PLAYLIST LLC, et. al.,   :

           Defendants.              :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement (Docket Item ("D.I.") 36). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c) (D.I. 33).

        This is an action brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and various provisions of the New York Labor Law (the "NYLL") by three individuals, who were employed as delivery workers at one of defendants' two sandwich shops/catering services. The action was commenced on April 20, 2016 as a collective action with respect to the FLSA claim. The parties reached a settlement agreement prior to the matter being conditionally certified as a collective action, and they now seek approval of their proposed settlement (Letter of Gerald A. Ellis, Esq. to the undersigned, dated

December 16, 2016 (D.I. 36)("Ellis Letter")). However, I cannot approve the settlement at this time. First, the parties have not provided sufficient information to enable me to determine whether the proposed settlement is fair and reasonable. Although the parties have indicated that plaintiffs will receive a total net settlement of $13,400, they fail to explain how that amount will be allocated among plaintiffs or the basis for the allocation. This is particularly significant here because each plaintiff claims damages in a different amount and the settlement proceeds must be allocated in a rational manner.

Additionally, Sections 3 and 7(a), (b) of the proposed settlement agreement purport to release "all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms" and "all claims referred to or identified in the various correspondence, to and between the parties leading up to this Agreement," respectively. This language fails to define the claims being released in any meaningful way. .

Third, the settlement agreement has two impermissible provisions: (1) an understanding by the plaintiff not to participate or assist in any other wage and hour litigation against defendant and (2) an agreement by plaintiffs never to seek re-employment with defendant (Ellis Letter, Ex. 1 §§ 3, 5).

2

Both of these provisions conflict with the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House Inc., supra, 796 F.3d at 207; see Fu v. Mee May Corp., 15 Civ. 4549 (HBP), 2017 WL 2172910 at *2 (S.D.N.Y. Mar. 31, 2017) (Pitman, M.J.)(striking down a similar provision prohibiting plaintiffs from assisting in any action against defendants because it conflicted with the "remedial purpose" of the FLSA); Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.) (striking down a similar provision barring plaintiffs from ever working, or applying to work, for defendants because it was in direct conflict with FLSA's remedial purpose).

Accordingly, within 30 days of the date of this Order, the parties are to provide the information sought and a revised settlement agreement that eliminates the foregoing issues.[1]

Dated:  New York, New York
        October 16, 2017

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[1] If the proposed settlement agreement were otherwise compliant with the law, I could simply strike the offensive provision. The agreement provides that "if any provision, or portion thereof, of this Agreement is, or becomes, invalid under any applicable statute or rule of law, it is to be deemed stricken and the rest of this Agreement shall remain in full force and effect" (Ellis Letter, Ex. 1 ¶ 15).

4