USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TRANQUILLINO ORTIZ, et al.,          :

                Plaintiffs,    :    16 Civ. 2924 (HBP)

  -against-                         :    OPINION
                                     AND ORDER
MY BELLY'S PLAYLIST LLC, et. al.,    :

                Defendants.    :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") to recover unpaid minimum wage, overtime premium pay and spread-of-hours pay.  Plaintiffs also asserted claims that defendants failed to keep certain records, provide certain notices and reimburse plaintiffs for equipment that they purchased in connection with their employment.  Plaintiffs brought the action as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the FLSA claims, but the parties reached a settlement prior to the matter being conditionally certified.  The matter is currently before me on the parties' joint application to approve a proposed settlement agreement that they have reached (Proposed Settlement Agreement, annexed as Ex. 1 to Letter of Shawn Clark, Esq., to the under-

signed, dated Dec. 29, 2017 (Docket Item ("D.I.") 44)). The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

Plaintiffs are three individuals who were employees at defendants' sandwich shop and catering service; they were listed on defendants' payrolls as deliverymen, but, as described in greater detail below, they contend that this job title does not accurately describe their actual duties. Plaintiffs were employed by defendants for varying lengths of time between approximately February 2015 and February 2016.[1] Plaintiffs claim that defendants paid them below minimum wage, and that defendants deducted tips from their wages despite the fact that they were not entitled to do so. Specifically, plaintiffs argue that they spent more than 20% of their workday performing non-tipped, non-delivery duties, such as preparing food, stocking the restaurant with supplies and cleaning. Accordingly, plaintiffs assert that defendants were not entitled to pay them at the reduced "tip credit" rate. Plaintiffs further argue that even if defendants were entitled to pay them at the tip credit rate, defendants

---

[1]Plaintiff Tranquilino Ortiz was employed by defendants from approximately February 2015 through February 15, 2016, plaintiff Fernando Flores was employed from approximately September 2015 through February 15, 2016 and plaintiff Velasquez was employed from February 2015 through approximately July 2015.

2

still violated the FLSA because their hourly wages were less than the proper tip credit rate. Plaintiffs also claim that they consistently worked over 40 hours per week, but did not receive any overtime premium pay. Plaintiffs' total alleged damages, exclusive of pre-judgment interest and attorney's fees and costs, are $55,218.92.[2] In particular, Ortiz claims that he is owed a total of $24,627.64, Flores claims a total of $13,749.51 and Velasquez claims a total of $16,841.77.[3] Using these damages figures, Ortiz's pro rata share of the total damages claimed is 44.6%, Flores's pro rata share is 24.9% and Velasquez's pro rata share is 30.5%.

Defendants deny plaintiffs' claims. Defendants assert that plaintiffs were deliverymen who did not perform substantial non-tipped duties. In addition, defendants argue that they paid plaintiffs correct and full wages under the FLSA and NYLL.

---

[2]This amount includes plaintiffs' approximation of $12,609.46 in unpaid minimum wages and overtime premium pay, $12,609.46 in liquidated damages and $30,000 in statutory damages. Plaintiffs' damages calculations incorrectly state that plaintiffs are entitled to $26,218.93, an amount more than double the alleged unpaid minimum wages and overtime premium pay, in liquidated damages. The FLSA authorizes liquidated damages for an amount "equal" to lost wages and/or overtime. See 29 U.S.C. § 216(c).

[3]These amounts are exclusive of pre-judgment interest and inclusive of liquidated damages, and have been adjusted to correct plaintiffs' inaccurate calculation of liquidated damages.

3

This is not the first time that the parties have sought judicial approval of a proposed settlement. I rejected the parties' previous proposed settlement agreement by Opinion and Order dated October 16, 2017, because (1) the parties failed to provide sufficient information to enable me to determine whether the amount of the settlement fund allocated to each plaintiff was fair and reasonable and (2) the agreement contained an impermissible provisions (a) prohibiting plaintiffs from reemployment with defendants and (b) prohibiting plaintiffs from assisting in any other wage and hour litigation against defendants (Opinion and Order of the undersigned, dated Oct. 16, 2017 (D.I. 36)). On December 29, 2017, the parties submitted the proposed settlement agreement currently before me, claiming to have revised the agreement in accordance with my October 16, 2017 Order. Because the parties reached a settlement prior to a settlement conference being held in this matter, my knowledge of the underlying facts and the justification for the settlement is limited to counsel's representations in the letter submitted in support of the settlement.

Under the proposed settlement agreement, defendants agree to pay plaintiffs $20,000.00 in full and final satisfaction of plaintiffs' claims. The parties also agree that plaintiffs' counsel will receive $6,600.00 of the settlement fund for attor-

ney's fees and costs. The amount claimed by each plaintiff, exclusive of pre-judgment interest, and the net amount that will be received by each after deduction of legal fees and costs are as follows:

| Plaintiff | Amount Claimed | Net Settlement Amount |
|---|---|---|
| Tranquillino Ortiz | $24,627.64 | $5,976.40 |
| Fernando Flores | $13,749.51 | $3,336.60 |
| Roberto Velasquez | $16,841.77 | $4,087.00 |
| **Total** | **$55,218.92** | **$13,400.00** |

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376. at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliquichuzhca v. Cinema 60, LLC, 948 F. Supp.

5

2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiffs' total settlement, after deduction of fees, represents approximately 24.3% of their total alleged damages, exclusive of pre-judgment interest. Defendants dispute that plaintiffs spent a substantial portion of their workday performing non-tipped, non-delivery duties. Further, defendants assert that plaintiffs were paid their full wages and that plaintiffs were not entitled to overtime premium pay. As discussed in more detail below, given the risks these issues present, plaintiffs' settlement amount is reasonable.

6

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute that plaintiffs performed substantial non-tipped duties, worked over 40 hours per week and received wages at a rate below the lawful tip credit rate. In addition, plaintiffs do not have any documentary evidence to support their claims. Thus, trial preparation would likely require depositions to explore these issues. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiffs to avoid the risk of litigation. Plaintiffs will have to establish that defendants failed to compensate them, that they performed substantial non-tipped duties and that they were entitled to overtime pay. Given the lack of documentary evidence and the fact that plaintiffs bear the burden of proof, it is uncertain whether, or how much, plaintiff would recover at trial. See Bodon v. Domino's Pizza, LLC, NO. 09-CV-2941 (SLT) 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's

7

Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, counsel represents that the settlement is the product of arm's-length bargaining between experienced counsel and that counsel advocated zealously on behalf of their respective clients during negotiations. There is no evidence to the contrary.

Fifth there are no factors here that suggest the existence of fraud. Counsel represents that the settlement was agreed upon after extensive negotiations between the parties' attorneys.

The settlement fund will be distributed to plaintiffs on a pro rata basis based on the proportion of each plaintiff's individual claim to the total of all four plaintiff's claims. In light of number of hours worked by and the hourly rates paid to each plaintiff, the allocation of the settlement fund is fair and reasonable. Cf. Fu v. Mee May Corp., 15 Civ. 4549 (HBP), 2017 WL

8

2172910 at *1-*2 (S.D.N.Y. Mar. 31, 2017) (Pitman, M.J.) (rejecting settlement agreement where no explanation provided for allocation of settlement proceeds).

The parties have also agreed to a mutual general release.[4] Judges in this Circuit have approved FLSA settlements containing mutual general releases. Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 5, 2015) (Cott, M.J.); accord Cionca v. Interactive Realty, LLC, 15 Civ. 5123 (BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). Accordingly, I find the release agreed to by the parties permissible.[5]

---

[4] A general release is truly mutual and, thus, consistent with the "primary remedial purpose" of the FLSA where, as here, plaintiffs receive a general release from all the persons and entities to whom plaintiffs provide a general release. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207; see Chowdhury v. Brioni Am., Inc., 16 Civ. 344 (HBP), 2017 WL 5125535 at *3 (S.D.N.Y. Nov. 1, 2017) (Pitman, M.J.) (rejecting settlement where general release was not "truly mutual" because plaintiffs released "a broad array of persons and entities other than the named defendants, including defendants' former, present and future employees . . ." yet plaintiffs only received a release from defendants' claims).

[5] The parties have also agreed to remove two impermissible provisions that were present in their previous proposed settlement agreement: (1) a provision barring plaintiffs from reemployment with defendants and (2) a provision precluding

(continued...)

9

Finally, the settlement provides that plaintiffs' counsel will be awarded $6,600.00 as attorney's fees, which constitutes less than one-third of the total settlement fund. Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical"

---

[5](...continued)
plaintiffs from assisting in other wage and hour litigation against defendants.

in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk is respectfully requested to mark this matter closed.

Dated:  New York, New York
        April 18, 2018

SO ORDERED

*[signature]*

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel